UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

PILAR GARAYGORDOBIL, Individually and
on Behalf of All Others Similarly Situated,

              Plaintiff,

      v.

OHR PHARMACEUTICAL, INC.,
MICHAEL FERGUSON, JASON S.
SLAKTER, ORIN HIRSCHMAN, THOMAS
M. RIEDHAMMER, and JUNE S.
ALMENOFF,

              Defendants.

------------------------------------------------

Case No._____

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

**JURY TRIAL DEMANDED**

Plaintiff Pilar Garaygordobil ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.     This is a stockholder class action brought by Plaintiff on behalf of herself and all other public stockholders of Ohr Pharmaceutical, Inc. ("Ohr" or the "Company") against Ohr and the members of Ohr's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Ohr will merge with NeuBase Therapeutics, Inc. ("NeuBase") through Ohr's wholly owned subsidiary Ohr Acquisition Corp. ("Merger Sub") (the "Proposed Transaction").

2.      On January 3, 2019, Ohr and NeuBase issued a joint press release announcing they had entered into an Agreement and Plan of Merger and Reorganization dated January 2, 2019 (the "Merger Agreement") pursuant to which Merger Sub will merge with and into NeuBase, with NeuBase surviving as a wholly owned subsidiary of Ohr.  Under the terms of the Merger Agreement, each issued and outstanding share of NeuBase common stock will be converted into the right to receive 1.019055643 shares of Ohr common stock subject to adjustment to account for a reverse stock split of Ohr common stock to be implemented prior to the consummation of the merger (the "Merger Consideration").[1]  Upon completion of the Proposed Transaction and related NeuBase financing, NeuBase and Ohr stockholders, option holders, warrant holders and note holders will own approximately 85% and 15%, respectively, of the combined company.

3.      On March 8, 2019, Ohr and NeuBase filed a joint proxy statement/prospectus on Form S-4 (the "Registration Statement") with the SEC.  The Registration Statement, which recommends that Ohr stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the financial projections for Ohr and NeuBase, relied upon by Ohr's financial advisor, Roth Capital Markets, LLC ("Roth"), in its financial analyses, and the Board in connection with its decision to recommend Ohr stockholders approve the Proposed Transaction; (ii) the inputs and assumptions underlying Roth's financial analyses; and (iii) the background process leading to the Proposed Transaction. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Ohr stockholders need such information in order to make a fully informed decision whether to vote in favor of the Proposed Transaction.

---

[1] On January 23, 2019, the Company announced that the Board determined to effect a one-for-twenty reverse stock split of the Company's common stock effective February 4, 2019.

4.     In short, unless remedied, Ohr public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Ohr is incorporated in Delaware and is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Ohr.

9.     Defendant Ohr is a Delaware corporation, with its principal executive offices located at 800 Third Avenue, New York, New York 10022.  The Company is a pharmaceutical company focused on the development of novel therapeutics and delivery technologies for the treatment of ocular disease.  Ohr's common stock trades on the NASDAQ Capital Market under the ticker symbol "OHRP."

10.    Defendant Michael Ferguson ("Ferguson") has been a director and Chairman of the Board since May 2017.

11.    Defendant Jason S. Slakter ("Slakter") has been President and Chief Executive Officer ("CEO") of the Company since September 2015, Chief Medical Officer ("CMO") of the Company since May 2014, and a director of the Company since January 2015.

12.    Defendant Orin Hirschman ("Hirschman") has been a director of the Company since March 2009.

13.    Defendant Thomas M. Riedhammer ("Riedhammer") has been a director of the Company since April 2013 and has been a director of DepYmed Inc. ("DepYmed"), a joint venture of Ohr, since 2014.

14.    Defendant June S. Almenoff ("Almenoff") has been a director of the Company since 2013.

15.    Defendants identified in paragraphs 10-14 are referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

16.    NeuBase is a Delaware corporation that is developing its modular peptide-nucleic acid antisense oligonucleotide ("PATrOL") platform to address genetic diseases caused by mutant

proteins with a single, cohesive approach. NeuBase's principal executive offices are located at 213 Smithfield Street, Pittsburgh, Pennsylvania 15222. NeuBase is currently a private company.

17.     Merger Sub is a Delaware corporation and a wholly-owned subsidiary of Ohr.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Ohr common stock (the "Class"). Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

19.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

20.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class. As of February 4, 2019, there were 2,829,248 shares of Company common stock issued and outstanding. All members of the Class may be identified from records maintained by Ohr or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to those customarily used in securities class actions.

21.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

a)      Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

b)        Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

c)        Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

22.    Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

23.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

24.    Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

<u>**Background of the Company**</u>

25.    Ohr is a clinical-stage pharmaceutical company developing novel therapies for ophthalmic diseases.  Ohr was organized on August 4, 2009 as successor to BBM Holdings, Inc. On August 4, 2009, the Company reincorporated in Delaware as Ohr Pharmaceutical, Inc.  On May 30, 2014, Ohr completed the ophthalmology assets acquisition of the privately held SKS Ocular LLC and its affiliate, SKS Ocular 1 LLC (together, "SKS") (the "SKS Acquisition").  The SKS sustained release technology was designed to develop best-in-class drug formulations for ocular disease.

26.     As part of the SKS Acquisition, Ohr also acquired the exclusive rights to an animal model for dry age-related macular degeneration ("AMD") whereby mice are immunized with a carboxyethylpyrrole ("CEP"), as well as the rights to produce and use CEP for research, clinical, and commercial applications.  Upon immunization with CEP, studies have shown a marked decrease in contrast sensitivity, which precedes a loss of visual acuity, similar to what occurs in many patients with dry AMD.

27.     Ohr also owns various other compounds in earlier stages of development.  For example, on February 26, 2014, the Company entered into a joint venture agreement with Cold Spring Harbor Laboratory pursuant to which a joint venture, DepYmed, was formed to further preclinical and clinical development of Ohr's trodusquemine and analogues as protein-tyrosine phosphatase 1B ("PTP1B") inhibitors for oncology and rare disease indications.

28.     On January 3, 2019, Ohr announced its financial results for the fiscal year ended September 30, 2018.  For the year, Ohr cut its net loss by approximately $10.6 million compared to the fiscal year ended September 30, 2017.

**The Proposed Transaction**

29.     On January 3, 2019, Ohr and NeuBase issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

NEW YORK, Jan. 03, 2019 (GLOBE NEWSWIRE) -- Ohr Pharmaceutical, Inc. ("Ohr") (Nasdaq: OHRP) announced today that it has entered into a definitive merger agreement with NeuBase Therapeutics, Inc. ("NeuBase"), under which the stockholders of NeuBase would become the majority holders of the combined company. The proposed merger will create a public company focused on advancing NeuBase's peptide-nucleic acid (PNA) antisense oligonucleotide (PATrOL™) technology platform for the development of therapies to address severe and currently untreatable diseases caused by genetic mutations.

Upon closing of the transaction, the combined company will change its name to "NeuBase Therapeutics, Inc." and propose its trading symbol on the NASDAQ be changed to "NBSE". The executive team of NeuBase will serve as the executive

team of the combined company, led by Dietrich A. Stephan, Ph.D. as Chief Executive Officer.

"We are excited to enter into a definitive merger agreement with NeuBase, a company with a powerful technology and pipeline that has the potential to address multiple unmet medical needs across a range of serious genetic diseases," said Jason Slakter, M.D., Chief Executive Officer of Ohr Pharmaceutical. "Following a comprehensive review of strategic alternatives, Ohr's Board of Directors concluded that the proposed transaction with NeuBase is in the best interest of our stockholders. The proposed merger will provide an opportunity to create value as an innovative, science-driven company with a proprietary technology platform utilizing advanced gene silencing techniques. We intend to hold a special meeting of Ohr shareholders in the first half of 2019 to vote on this merger."

"The proposed merger with Ohr signals the next stage of growth for NeuBase," added Dr. Dietrich Stephan, Chief Executive Officer of NeuBase Therapeutics. "The company's new therapeutic modality has the potential to address a wide range of germline and somatic diseases caused by inappropriate expression and change-of-function mutations of genes. Our technology has significant potential advantages over currently available antisense and small molecule approaches to gene silencing, including high selectivity for targets, cell membrane and blood brain barrier permeability, early data indicating no immune response and a low cost of goods. These characteristics are essential for scalability in addressing a wide range of genetic diseases, including cancer. We are initially developing this exciting platform for RNA gene silencing in Huntington's disease and myotonic dystrophy, with additional future, high value RNA silencing indications."

NeuBase's modular PATrOL™ technology platform is being developed to treat a multitude of rare genetic diseases. The systemically-deliverable PATrOL™ therapies have the potential to improve upon current gene silencing treatments by combining the advantages of synthetic small molecule approaches with the precision of antisense technologies. NeuBase's development is currently focused on severe neurological disorders such as Huntington's disease and myotonic dystrophy, where blood-brain barrier penetration and broad tissue distribution are critical. In some cases, such as Huntington's disease, systemic administration may ameliorate both CNS and non-CNS pathology, a benefit that current intrathecally administered therapies cannot achieve.

**About the transaction**
On a pro forma basis and based upon the number of shares of Ohr common stock to be issued in the merger, current Ohr stockholders will own approximately 20% of the combined company and NeuBase stockholders will own approximately 80% of the combined company, after accounting for the additional NeuBase financing transaction. The actual allocation will be subject to adjustment based on Ohr's and NeuBase's cash balance at the time of closing and the amount of the additional

financing consummated by NeuBase at or before the closing of the merger. Certain members and affiliates of the board of directors and management of Ohr and Neubase have indicated an intent to invest in the additional NeuBase financing transaction.

**The Registration Statement Contains Material Misstatements and Omissions**

30.     The defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Ohr's stockholders.  The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.

31.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the financial projections for Ohr and NeuBase, relied upon by Ohr's financial advisor, Roth, in its financial analyses, and the Board in connection with its decision to recommend Ohr stockholders approve the Proposed Transaction; (ii) the inputs and assumptions underlying Roth's financial analyses; and (iii) the background process leading to the Proposed Transaction.  Accordingly, Ohr stockholders are being asked to vote in favor of the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning the Financial Projections for Ohr and NeuBase*

32.     The Registration Statement omits material information regarding projections for Ohr and NeuBase that were provided to and relied upon by Roth for its analyses.

33.     For example, the Registration Statement sets forth:

For purposes of its opinion and in connection with its review, Roth, among other things:

* * *

- reviewed certain information, including **financial forecasts, relating to the business, earnings, cash flow, assets, liabilities and prospects of Ohr**

> **and NeuBase that were furnished to Roth by management of Ohr and
> NeuBase**, respectively;

Registration Statement at 150 (emphasis added).  Similarly, with the respect to the *Discounted*

*Cash Flow Analysis* Roth performed in connection with its fairness opinion, the Registration

Statement states:

> The discounted cash flow analysis is a "forward looking" methodology and is based
> on projected future cash flows to be generated by NeuBase which are then
> discounted back to the present. This methodology has three primary components:
> (1) the present value of projected unlevered cash flows for a determined period; (2)
> the present value of the terminal value of cash flows (representing firm value
> beyond the time horizon on the projections); (3) the weighted average cost of capital
> ("WACC") used to discount such future cash flows and terminal value back to the
> present. In the discounted cash flow analysis, ***Roth used NeuBase management's
> unlevered free cash flow projections*** and then applied a "probability of success"
> adjustment based on Clinical Development Success Rates 2006-2015 Sourcebook
> probabilities of clinical success in Phase 1, Phase 2, Phase 3, and NDA stages of
> development. The future cash flows plus the terminal value of such cash flows are
> discounted by the WACC, to derive a present value.
>
> In conducting its discounted cash flow analysis for the purpose of determining the
> enterprise value of NeuBase, ***Roth applied the projected unlevered free cash flow
> that NeuBase is expected to generate during fiscal years 2019 to 2030 from its
> NT0100 and NT0200 programs based upon financial projections prepared by
> NeuBase's management***. Terminal values at a multiple of 1.0x, 1.5x, and 2.0x were
> applied to total unlevered free cash flow estimates in year 2030 to complete the
> basis for calculating the present value of future free cash flows.

*Id.* at 157 (emphasis added).

34.     Even though Roth reviewed Ohr and NeuBase management's financial

projections for purposes of its fairness opinion, the Registration Statement wholly omits the

"financial forecasts, relating to the business, earnings, cash flow, assets, liabilities and prospects

of Ohr and NeuBase that were furnished to Roth by management of Ohr and NeuBase" (*id.* at 150),

including NeuBase management's unlevered free cash flow projections and the projected

unlevered free cash flow that NeuBase is expected to generate from its NT0100 and NT0200

programs, relied upon by Roth in its financial analyses underlying its fairness opinion.

35.    In addition, the Registration Statement omits material information regarding projections for Ohr and the combined company that were relied upon by the Board.  In connection with the Board's recommendation that Ohr stockholders vote in favor of the Proposed Transaction, the Registration Statement sets forth that:

- The Ohr special committee and the Ohr board of directors also reviewed with the management of Ohr the current plans of NeuBase for developing its product candidates to confirm the likelihood that the combined company would possess sufficient financial resources. The Ohr special committee and the Ohr board of directors also considered **the possibility that the combined company would be able to take advantage of the potential benefits resulting from the combination of Ohr and NeuBase to raise additional funds in the future**.

* * *

- The Ohr special committee and the Ohr board of directors also reviewed various factors impacting the financial condition, results of operations and prospects for Ohr, including:

    o   information concerning Ohr's business, financial performance (both past and **prospective**) and its financial condition, results of operation (both past and **prospective**), business and strategic objectives, as well as the risks of accomplishing those objectives;

    o   Ohr's business and financial prospects if it were to remain an independent company and the Ohr board of directors' determination that Ohr could not continue to operate as an independent company and needed to enter into an agreement with a strategic partner;

* * *

    o   the risks associated with, and the uncertain value, timing and costs to stockholders of, liquidating Ohr or effecting a sale of all or some of its assets and thereafter distributing the proceeds[.]

*Id*. at 143-44.  Yet, the Registration Statement fails to disclose any information related to: (i) the potential benefits resulting from the combination of Ohr and NeuBase; (ii) Ohr's prospective financial performance and prospective results of operation; (iii) Ohr's business and financial prospects if it were to remain an independent company; and (iv) the results of the Company's liquidation analyses, including the risks associated with, value, timing and costs to Ohr

stockholders in a liquidation or an asset sale.

36.     The omission of this material information renders the statements in the "Opinion of Ohr's Financial Advisor" and "Ohr's Reasons for the Merger; Recommendations of the Ohr Special Committee and Ohr Board of Directors" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Roth's Financial Analyses***

37.     The Registration Statement also describes Roth's fairness opinion and the various valuation analyses it performed in support of its opinion.  However, the description of Roth's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Ohr's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Roth's fairness opinion in determining whether to vote in favor of the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to Ohr's stockholders.

38.     The Registration Statement sets forth that "Roth did not perform a valuation of the enterprise value of Ohr using traditional valuation analyses such as the discounted cash flow analysis and trading comparables for Ohr as a stand-alone entity."  *Id.* at 153.  The Registration Statement, fails, however, to disclose Roth's rationale for not performing these "traditional valuation analyses" for OHR.

39.     Additionally, with respect to Roth's *Discounted Cash Flow Analysis* of NeuBase, the Registration Statement fails to disclose: (i) the projected unlevered free cash flow that NeuBase is expected to generate during fiscal years 2019 to 2030 from its NT0100 and NT0200 programs based upon financial projections prepared by NeuBase's management; (ii) quantification of the

"probability of success" adjustment Roth made to NeuBase's unlevered free cash flow projections based on Clinical Development Success Rates 2006-2015 Sourcebook probabilities of clinical success in Phase 1, Phase 2, Phase 3, and NDA stages of development; (iii) Roth's basis for selecting 1.0x to 2.0x terminal multiples; (iv) quantification of the terminal values calculated; and (v) the implied per share amount resulting from the analysis.

40.     The omission of this material information renders the statements in the "Opinion of Ohr's Financial Advisor" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background Process of the Proposed Transaction***

41.     The Registration Statement fails to disclose material information concerning the sale process leading up to the Proposed Transaction.

42.     The Registration Statement fails to disclose the terms of each of the term sheets Ohr executed with various parties during the sale process, including Party A, Party D, and Party F.  Without this information, Company stockholders are left without the material information necessary to evaluate the competing level of interest that was submitted to Ohr.

43.     Additionally, the Registration Statement fails to disclose the terms of the confidentiality agreements Ohr entered into with multiple parties during the sale process and whether these agreements contain standstill provisions and/or "don't-ask-don't-waive" provisions that are presently precluding these parties from making a topping bid to acquire Ohr.

44.     The disclosure of the terms of the confidentiality agreements and any standstill provisions is crucial to Ohr stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

45.     The omission of this information renders the statements in the "Background of

the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

46.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make a fully-informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

47.     Plaintiff repeats all previous allegations as if set forth in full.

48.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

49.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The Registration Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about Ohr and NeuBase management's financial projections, the financial analyses performed by the Company's financial advisor, and the background process leading to the Proposed Transaction.  The

defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

50.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

51.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

52.     Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

53.     Plaintiff repeats all previous allegations as if set forth in full.

54.     The Individual Defendants acted as controlling persons of Ohr within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Ohr, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Registration Statement.

57.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

58.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Ohr stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Ohr, and against defendants, as follows:

A.    Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Ohr stockholders;

C.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  April 4, 2019                                    **WEISSLAW LLP**

                                              By _____
                                                 Richard A. Acocelli
                                                 1500 Broadway, 16th Floor
                                                 New York, New York 10036
                                                 Tel: (212) 682-3025
                                                 Fax: (212) 682-3010
                                                 Email: racocelli@weisslawllp.com

**OF COUNSEL:**                                          *Attorneys for Plaintiff*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato

- 17 -

885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*